DA 08-0424

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 216N

CHARLES BILBRUCK,

       Charging Party, Respondent
       and Appellee,

   v.

BNSF RAILWAY COMPANY, a Delaware Corporation,

       Respondent, Petitioner
       and Appellant,

   v.

THE DEPARTMENT OF LABOR AND INDUSTRY,
and HUMAN RIGHTS COMMISSION,

       Intervenor.

APPEAL FROM:    District Court of the First Judicial District,
                In and For the County of Lewis and Clark, Cause No. BDV 04-968
                Honorable Jeffrey M. Sherlock, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

           Jeff Hedger, Benjamin O. Rechfertig, Hedger Friend, P.L.L.C.,
           Billings, Montana

      For Appellee:

           Terry N. Trieweiler, Trieweiler Law Firm, Whitefish, Montana

      For Intervenor:

           Marieke Beck, Department of Labor and Industry, Helena, Montana

Submitted on Briefs:  April 29, 2009

Decided:  June 23, 2009

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Charles Bilbruck (Bilbruck) brought a Charge of Discrimination with the Montana Department of Labor and Industry (Department), alleging discrimination in his denial of employment by Burlington Northern Santa Fe Railway Company (BNSF).  The Department investigator found that BNSF had rejected Bilbruck based on "stereotypical fears" without an individualized assessment and that his claim of discrimination was supported by a preponderance of the evidence.

¶3     The Montana Human Rights Commission (HRC) issued an order affirming the Department's Final Agency Decision.  BNSF then filed a Petition for Review of the HRC order affirming the Department's Final Agency Decision before the First Judicial District Court.  The District Court adopted and affirmed the Final Agency Decision of the Department.  BNSF filed a timely appeal from that decision.  We affirm and remand for the insertion of additional language in the Judgment.

¶4     BNSF does not dispute its liability on appeal.  It raises the following issues:

¶5     Issue 1:  Did the District Court err in awarding Bilbruck $83.82 per day in lost wages?

3

¶6 Issue 2: Did the District Court err in designating August 3, 2004, as the day on which the calculation of statutory interest begins for any or all of the $200,000 front pay award?

¶7 The Department's Final Agency Decision determined Bilbruck was entitled to $5,000 for emotional distress, a total of $34,538.89 for lost wages ($83.82 per day, or $2,549.56 per month, from June 16, 2003, to August 3, 2004), and an additional $1,808.36 for interest from the lost wages.

¶8 The Department also directed BNSF to choose one of three options providing further relief to Bilbruck in addition to the amounts listed in ¶ 7. Under the first option BNSF would be required to hire Bilbruck with a retroactive seniority date of June 16, 2003, and pay him $83.82 for each additional day after the date of the Final Agency Decision and until it takes the additional actions mandated under this option. BNSF would also be required to make appropriate contributions to Bilbruck's pension and Medicare accounts retroactively.

¶9 Under the second option BNSF would hire Bilbruck without retroactive seniority but compensate him for estimated future losses due to lack of retroactive seniority. The amount of the estimated future losses would be paid in four installments of $10,000. The condition requiring payment of $83.82 per day until all action was taken, along with Medicare and pension contributions, applied to this option as well.

¶10 Under the third option, which BNSF ultimately chose, BNSF would not hire Bilbruck, but instead would pay him the amounts listed in ¶ 7 along with the pension and Medicare back pay for each day after the decision and until the required actions were

taken. BNSF would also be liable for future lost fringe benefits in the amount of $12,192.30 and liquidated front pay in four annual installments of $50,000.

¶11 Ultimately, BNSF decided against hiring the plaintiff. It filed an objection to the Final Agency Decision with the HRC and the HRC affirmed the decision of the Department. BNSF then appealed the HRC decision to the First Judicial District Court. The case was not immediately heard by the District Court, as BNSF removed the case to Federal Court; the case eventually was returned to the District Court.

¶12 The District Court affirmed the Department's and HRC's decision. As BNSF chose option three and did not hire Bilbruck, the court concluded he was entitled to all provisions of that option (*See* ¶10) along with the interest owing on all sums from the date of the Final Agency Decision at the rate of ten percent per annum, plus reasonable attorney fees and costs. The District Court specifically ordered BNSF to pay ten designated amounts, two of which BNSF challenges on appeal. These items include the payment of $83.82 per day and the interest calculation on the $200,000 front pay.

¶13 In reviewing a final agency decision of the HRC, we examine whether the agency's findings of fact are clearly erroneous and whether the agency's interpretation and application of law are correct. *Denke v. Shoemaker*, 2008 MT 418, ¶ 39, 347 Mont. 322, 198 P.3d 284. The same standards are applied when reviewing the district court's order affirming or reversing the HRC's decision. *Denke*, ¶ 39. A factual finding is clearly erroneous if it is not supported by substantial evidence in the record, if the fact-finder misapprehended the effect of the evidence, or if a review of the record leaves the court with a definite and firm conviction that a mistake has been made. *Denke*, ¶ 39.

¶14 Section 2-4-702(1)(b), MCA, provides that when seeking judicial review from an agency decision, a party may not raise any question not raised before the agency unless it shows good cause for its failure to earlier raise the issue. We have held this statute "specifically prohibits parties from raising an issue for the first time on review" when it could have been raised before the HRC. *Hilands Golf Club v. Ashmore*, 2002 MT 8, ¶ 22, 308 Mont. 111, 39 P.3d 697; *Lincoln County v. Sanders County*, 261 Mont. 344, 351, 862 P.2d 1133, 1138 (1993). The rule prohibiting new issues on appeal applies equally to the appeal of damages. *Mont. Prof. Sports, LLC v. Natl. Indoor Football League*, 2008 MT 98, ¶ 53, 342 Mont. 292, 180 P.3d 1142.

¶15 Contained in the Final Agency Decision in all three scenarios was the provision to pay $83.82 per day until action was taken and appropriate contributions made. The first two scenarios contemplated that Bilbruck would be hired, while the third option did not. It is clear from the Final Agency Decision that until an action was taken by BNSF, daily wages would be required.

¶16 In its appeal from the Final Agency Decision, BNSF did not challenge this "front pay" aspect of the HRC decision. Bilbruck thus maintains that it waived this issue on appeal. BNSF argues it did not raise this issue earlier because until the District Court issued its order, and in BNSF's opinion misinterpreted the decision, there was no controversy. We disagree and conclude that a reading of the Final Agency Decision alerted all parties involved that until an action was taken—either hiring or not hiring—daily wages would be required. Therefore, until BNSF took the direct action of opting not to hire Bilbruck and instead paying the mandated amounts under option three, it

6

would be liable for his daily wages. This award of daily wages, regardless of the scenario, allowed Bilbruck to be compensated while a decision was being made by BNSF. As BNSF did not take issue with this per diem wage aspect of the Final Agency Decision in the District Court, we will not address it at this time.

¶17 BNSF also contests the District Court's designation of August 3, 2004, as the date upon which calculation of statutory interest should begin for the front pay award. It argues that because the order calls for yearly $50,000 installments, interest should not accrue on each installment until after it is due. In response, Bilbruck notes that the District Court adopted the Department's order in full. He concedes that clarity is needed, and suggests that we direct the District Court on remand to insert the additional phrase "as they accrue," after the date of August 3, 2004, in ¶ 7 of the District Court's Judgment. We agree this is the correct course of action.

¶18 We have determined to decide this case pursuant to Section 1, Paragraph 3(d)(v) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions.

¶19 We affirm and remand for the District Court to insert the phrase "as they accrue" after the date of August 3, 2004, in ¶ 7 of the District Court's Judgment.

/S/ PATRICIA COTTER

7

We concur:

/S/ MIKE McGRATH
/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE